IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUSSELL and TAMMY BITTENBENDER on behalf of their daughter, S.B., a minor, and individually on their own behalf,** Plaintiffs | : : : : : : : | **CIVIL ACTION** |
| vs. | : : | NO. 15-6465 |
| **THE BANGOR AREA SCHOOL DISTRICT,** Defendant | : : : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                                                              **March 27, 2017**

In this Title IX case, an elementary school student alleges that she suffered student-on-student sexual harassment while attending Defendant Bangor Area School District ("BASD"). This harassment lasted over a five year period, continuing when she entered middle school. BASD filed a motion to dismiss, arguing that the plaintiff failed to plead sufficient facts to establish the elements of a Title IX claim.[1] For the following reasons, I will deny the motion in its entirety.

### I. BACKGROUND

Tammy and Russell Bittenbender bring this action on behalf of their minor daughter, S.B. (Am. Compl. ¶¶ 2–4.) BASD is an incorporated public education entity

---

[1] BASD's motion also sought to dismiss the individual claims of S.B.'s parents and S.B.'s claim for punitive damages. Following BASD's motion, S.B. stated that Russell and Tammy Bittenbender do not assert individual claims and that S.B. no longer seeks punitive damages. (Pl.'s Reply to Def.'s Mot. to Dismiss 17). Therefore, this action proceeds with only one issue: whether S.B. sufficiently pleaded facts of BASD's alleged Title IX violation.

within Pennsylvania that receives federal financial assistance. (Am. Compl. ¶¶ 6, 8.) S.B. alleges that she suffered offensive verbal sexual harassment and physical assault while attending BASD between the third and eighth grades. (Am. Compl. ¶¶ 1, 13, 27, 32–34, 73, 84, 89, 112, 158, 164). S.B. identified eight juvenile students who participated in the offensive behavior on various occasions throughout those five years. (Am. Compl. ¶¶ 13–23.)

The harassment began when S.B. was in third grade at Five Points Elementary School but became a "serious" problem during S.B.'s fourth grade year, 2009 to 2010. (Am. Compl. ¶ 28.) S.B. was called offensive terms and pushed because she did not conform to the harassers' perception of female gender norms. (Am. Compl. ¶ 35, 52.) This included being called a "slut" or "lesbian" when she played football with male students. (Am. Compl. ¶ 51.) S.B. reports that her guidance counselor, Mrs. Warren, and teacher, Mrs. Dutt, observed, or were made aware of, the alleged conduct. (Am. Compl. ¶¶ 39, 46–47.)

Prior to the start of S.B.'s fifth grade year, S.B.'s parents conversed with and sent a letter to DeFranco Elementary School's Principal, Hendershot, about the offensive conduct. (Am. Compl. ¶¶ 62–68.) S.B. asserts that during the fifth grade, the offensive conduct diminished in the classroom but continued elsewhere. (Am. Compl. ¶¶ 70–76.) She contends that "the sex-based comments" increased, with persistent commentary about S.B.'s sexual orientation. (Am. Compl. ¶¶ 70–76.) There were continued instances of physical assault. (Am. Compl. ¶¶ 70–76.) S.B. spoke to the guidance counselor about

creating a bullying prevention club because S.B. was a victim of bullying. (Am. Compl. ¶¶ 79–80.)

During her sixth grade year, S.B. gave a speech in front of the BASD school board about her bullying experience. (Am. Compl. ¶¶ 83–86.) The principal of S.B.'s elementary school was present for this speech. (Am. Compl. ¶¶ 86.) During her seventh grade year and the following summer, S.B. alleges that the frequency and severity of bullying increased with continuing comments about her sexuality. (Am. Compl. ¶¶ 94, 118, 120, 125, 128.) S.B. organized a student club to combat bullying and consulted the guidance counselor about the sexual harassment she was experiencing during this process. (Am. Compl. ¶¶ 104–05.) S.B. alleges that the sexual harassment persisted through the summer before and during her eighth grade year. (Am. Compl. ¶¶ 140, 143, 146, 163, 164).

On one occasion during her eighth grade year, the sexual harassment required S.B. to remove herself from class and go to the main office to speak with the principal, guidance counselors, and school psychologist. (Am. Compl. ¶¶ 165–67.) S.B. alleges that she shared with them the details of the bullying at this meeting, including what was said to her and the effects on her. (Am. Compl. ¶ 170.) At one point, S.B. signed into the Lehigh Valley Hospital Behavioral Health Unit for ten days of treatment because she was contemplating suicide. (Am. Compl. ¶¶ 171–73.) On September 27, 2013, S.B.'s parents developed a "safety plan" with the principal, superintendent, head of BASD security, and BASD school district police officer. (Am. Compl. ¶¶ 173–74.) On November 12, 2013, BASD informed S.B's parents that the school district was removing

the escort protection provided to S.B. under the safety plan.  (Am. Compl. ¶ 245.)  As a result, S.B.'s parents relocated to New Jersey where S.B. now attends school.  (Am. Compl. ¶¶ 256, 268, 270.)

On February 19, 2016, S.B. filed an amended complaint alleging one count of sexual discrimination in violation of 20 U.S.C. § 1681.[2]  S.B. seeks $150,000.00 in compensatory damages.  (Am. Compl. ¶ 276.)  BASD filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 4, 2016 and S.B. filed a response to that motion on March 18, 2016.

## II.   STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the sufficiency of the complaint.  *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).  Following the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), pleadings standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Phillips v. Cty. of Allegheny*, 515 F. 3d 224, 230 (3d Cir. 2008).

Therefore, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of

---

[2] "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."  20 U.S.C. § 1681.

a claim should be separated.  The court must accept all of the complaint's well-pleaded facts as true but may disregard legal conclusions.  *Iqbal*, 556 U.S. at 679.  Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  *Id*.  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  *Id.*; see also *Phillips*, 515 F.3d at 234–35.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id*. at 557.

### III.   DISCUSSION

Plaintiff brought this action under 20 U.S.C. § 1681, alleging defendant's violation of Title IX for sexual harassment and discrimination.  Title IX mandates that no individual, on the basis of sex, "be excluded from participation in, be denied the benefits

of, or be subjected to discrimination under any education program or activity receiving federal financial assistance." *Davis v. Monroe Cty. Bd. of Educ.,* 526 U.S. 629, 638 (1999). Title IX creates an implied private cause of action against a federally funded public school board for sexual discrimination if student-on-student sexual harassment occurs. *Davis*, 526 U.S. at 632. To hold the school board liable for its own conduct in the instance of student-on-student harassment, the plaintiff must demonstrate (1) that the federally funded school acted with "deliberate indifference to known acts of harassment in its program and activities" and (2) that such sexual harassment is so "severe, pervasive, and objectively offensive" that it effectively prevents the victim from enjoying an educational opportunity or benefit. *Id.* at 633. At a minimum, the deliberate indifference must cause the victim to suffer harassment or cause the victim to be vulnerable to harassment. *Id.* at 645.

Defendant offers two reasons why the complaint should be dismissed: (1) plaintiff failed to allege facts to demonstrate that the student-on-student harassment was *severe* and *pervasive sexual* harassment; and (2) plaintiff failed to allege that she informed an "appropriate person" of the sexual harassment.

### A. Plaintiff has pleaded severe and pervasive sexual harassment.

To support a Title IX sexual harassment claim, the plaintiff must prove that the alleged "conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted discrimination because of sex." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998). Whether student-on-student sexual harassment rises to the actionable level of "severe and pervasive" depends upon a "constellation of

surrounding circumstances, expectations, and relationships . . . including, but not limited to, the ages of the harasser and the victim and the number of individuals involved." *Davis*, 526 U.S. at 651 (quoting *Oncale*, 523 U.S. at 82). In *Davis v. Monroe County Board of Education*, the United States Supreme Court reversed the Eleventh Circuit in a case involving the dismissal of a student-on-student Title IX claim against a school district. *Id.* at 654. In doing so, the Court recognized that one student sexually harassing another over a five-month period, leading to a decline in the victim's grades, is sufficiently severe and pervasive to survive a motion to dismiss. *Id.* at 653–54.

Plaintiff alleges adequate facts to demonstrate harassment that was of a sexual nature. Plaintiff alleges verbal harassment targeted at plaintiff's gender consistently throughout the relevant five-year period. (Am. Compl. ¶¶ 1, 13, 27, 32–34, 73, 84, 89, 112, 158, 164.) The alleged verbal harassment was premised upon her sexual orientation and gender with comments regularly targeting her because she did not conform to gender stereotypes and because the harassers believed she was lesbian. (Am. Compl. ¶¶ 1.) When taken in the light most favorable to the plaintiff, the plaintiff's sexuality was the crux of the harassment that lead to repeated comments such as "slut," "lesbian," "gay," and "you have a disease because you're a lesbian." (Am. Compl. ¶¶ 1, 51, 73, 79, 118, 125, 128, 143, 146.)

Plaintiff further alleges facts sufficient to demonstrate that this sexual harassment was severe and pervasive. Looking to the "constellation of surrounding circumstances," plaintiff asserts that eight individuals consistently sexually harassed her over a five-year period. (Am. Compl ¶¶ 13–23.) This is far longer than the harassment in *Davis* (by four

7

and a half years) and by seven additional antagonists. In *Davis,* the sexual harassment led to a decline in the student's grades. *Davis*, 526 U.S. at 654. For S.B., the alleged harassment was extensive enough to require a ten-day in-patient stay for behavioral health treatment, school intervention of an escort to ensure S.B.'s safety, and relocation of her family to a different state for relief. (Am. Compl. ¶¶ 173, 175–180, 267–68.) These allegations are more than sufficient to survive the defendant's motion to dismiss.

### B. Plaintiff has alleged that she informed the appropriate person for Title IX purposes.

A plaintiff asserting a Title IX violation must demonstrate that an "appropriate person" had actual notice of the alleged conduct and the appropriate person failed to respond adequately to the discrimination. *Warren v. Reading Sch. Dist.*, 278 F.3d 163, 169 (3d Cir. 2002). Actual notice occurs when an appropriate person at the defendant's institution has information sufficiently indicating a significant danger to the student "so that the institution can reasonably be said to be aware of the danger." *Bostic v. Smyrna Sch. Dist.*, 418 F.3d 355, 360 (3d Cir. 2005).

An appropriate person is, at a minimum, an official of the defendant entity with the ability to take remedial action and terminate the discrimination. *Id.* (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)). Additionally, a person with the authority to supervise teachers and investigate claims of misconduct constitutes an appropriate person. *Warren*, 278 F.3d at 173. The Third Circuit has recognized a principal of a school as an appropriate person for Title IX purposes. *Warren*, 278 F.3d at

170–73. The Court, however, does not consider individuals to be an appropriate person "solely by virtue of their position." *Bostic*, 418 F.3d at 362.

Plaintiff alleges that various school officials had knowledge of the sexual harassment while S.B. was enrolled in the school district. (Am. Compl. ¶ 1.) In particular, plaintiff alleges that she or her parents informed various teachers, guidance counselors, the principals of Bangor Middle School and Five Points Elementary School, a school psychiatrist, the superintendent, the head of BASD security, and a BASD police officer of the sexual harassment that she was experiencing. (Am. Compl. ¶¶ 39, 60, 89, 174, 189.) Although an "appropriate person" cannot be defined merely by that person's position, the plaintiff has sufficiently pleaded that an appropriate person was informed of the sexual harassment when plaintiff alleged communication with over eight school officials of varying levels of authority.

In conclusion, the plaintiff has asserted the necessary facts that, when viewed in the light most favorable to the plaintiff, establish defendant's Title IX violation. Accordingly, the defendant's motion to dismiss will be denied.

An appropriate Order follows.